IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. RICHARDS, # 209161, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-428-MHT |
| ) | [WO] |
| GUY NOE, *et al.,* ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Timothy J. Richards brought this action on June 17, 2019, as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. # 1.[1] Richards is incarcerated at the Hamilton Aged and Infirmed Facility in Hamilton serving a life sentence imposed in 2000 by the Circuit Court of Walker County upon his conviction for murder. He seeks release from prison, arguing that his confinement is contrary to the United States Constitution because the laws of Alabama derive from an invalid state consitution that was enacted out of racial animus. Doc. # 1 at 1; Doc. # 1-1 at 1–4.

As this court stated in a previous order (Doc. # 3), Richards's habeas petition should be treated as one seeking relief under 28 U.S.C. § 2254, because the exclusive remedy for an inmate challenging the constitutionality of a state court judgment forming the basis of

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

his custody is to file a habeas corpus petition under § 2254.[2] *See Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). For the reasons that follow, the Magistrate Judge concludes that Richards's case should be transferred to the United States District Court for the Northern District of Alabama.

## DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). By statute, then, a petition for writ of habeas corpus under 28 U.S.C. § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Richards was convicted and sentenced by the Circuit Court of Walker County, and he is incarcerated at the Hamilton Aged and Infirmed Facility in Hamilton, which is located in Marion County, Alabama. Walker County and Marion County are both located within the federal judicial district of the United States District Court for the Northern District of Alabama. The Northern District of Alabama court has jurisdiction to entertain Richards's

---

[2] Richards asserts that he is a pretrial detainee. *See* Doc. # 1 at 1. However, he is not a pretrial detainee. He is in custody pursuant to a state court judgment: his Walker County murder conviction and life sentence. His remedy for an attack on that judgment is through § 2254.

§ 2254 petition. However, this court, which sits in the Middle District of Alabama, does not have jurisdiction to entertain Richards's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Richards is proceeding *pro se* and seeks habeas corpus relief, the court finds it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama under § 1631.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 5, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

DONE, this 21st day of June, 2019.

   /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE