UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| TIMOTHY J. RICHARDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 6:19-cv-01096-ACA-JHE |
| WARDEN GUY NOE, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 2, 2020, recommending that the court dismiss without prejudice this petition for writ of habeas corpus to allow Petitioner Timothy J. Richards an opportunity to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition in this court. (Doc. 18). The magistrate judge also recommended that the court deny Mr. Richards' remaining motions (docs. 11, 14, 15, 16). (*Id.*). Mr. Richards filed objections to the report and recommendation. (Doc. 19).

In his objections, Mr. Richards insists that the prior approval requirement for second or successive petitions set out in 28 U.S.C. § 2244(b) does not apply to him because he "is not attacking his previous conviction or sentence." (Doc. 19 at 2). The court overrules the objection because the petition and the first motion to amend show that Mr. Richards is in the custody of the State of Alabama for a 2000

conviction and that he is attempting to challenge that conviction by claiming the 1901 Alabama Constitution offends federal constitutional principles. (Docs. 1, 11).

To the extent Mr. Richards objects to the magistrate judge's recommendation that his remaining motions (docs. 14–16) be denied, the court overrules the objections. In those motions, Mr. Richards again challenges the validity of the 1901 Alabama Constitution in connection with a pending state criminal charge wholly unrelated to his 2000 conviction. The magistrate judge correctly explained that Mr. Richards cannot raise new claims unrelated to the claims in his original petition after Respondents have filed an answer, nor can he utilize the proposed claims to bypass § 2244(b)(3)(A) as to his 2000 conviction. In addition, the court must abstain from addressing Mr. Richards' challenges to Alabama's 1901 Constitution in relation to his current criminal proceeding because he may raise the claims before the state courts in that proceeding. *See Tokyo Gwinnett, LLC v. Gwinnett Cnty, Ga.*, 940 F.3d 1254, 1267 (11th Cir. 2019) ("The *Younger* [*v. Harris*, 401 U.S. 37 (1971),] doctrine requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding.") (quotation marks omitted).

After careful consideration of the record in this case, including the magistrate judge's report and Mr. Richards' objections, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendations.

The court **WILL DISMISS** without prejudice the petition for writ of habeas corpus to allow Mr. Richards an opportunity to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition in this court. The court **WILL DENY** Mr. Richards' remaining motions. (Docs. 11, 14, 15, 16).

Finally, the court will not issue a certificate of appealability. The court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Richards' claims do not satisfy either standard.

The court will enter a separate final order.

**DONE** and **ORDERED** this January 15, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE